**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 40815/40816**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2014 Unpublished Opinion No. 427** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: March 26, 2014** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **WILLIAM GENE RHODES,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Joel E. Tingey, District Judge.

Order revoking probation and requiring execution of unified six-year sentence with two-year determinate term for delivery of a controlled substance, <u>affirmed</u>; judgment of conviction and sentence of five years, with a minimum period of confinement of one year, for malicious injury to property, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

In Docket No. 40815, William Gene Rhodes pled guilty to delivery of a controlled substance. Idaho Code § 37-2732(a)(1)(A). The district court imposed and suspended a unified six-year sentence with a two-year determinate term and placed Rhodes on probation for a period of four years. Subsequently, Rhodes was found to have violated several terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentence, but retained jurisdiction. Following the period of retained jurisdiction, the district court reinstated Rhodes on probation for two years. Later, Rhodes pled guilty to felony malicious injury to property, I.C. § 18-7001(2)(a), in Docket No. 40816, and admitted to

1

violating the terms of his probation in Docket No. 40815. The district court consequently revoked probation and ordered execution of the original sentence. The district court also imposed a concurrent unified sentence of five years with one year determinate for the malicious injury to property charge. Rhodes appeals, contending that the district court abused its discretion by executing his original sentence, without reduction, for delivery of a controlled substance and by imposing and executing an excessive sentence for malicious injury to property.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation, a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id.*

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).

When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of the probation. *Id.* Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal and are relevant to the defendant's contention that the trial court should have reduced the sentence sua sponte upon revocation of probation. *Morgan*, 153 Idaho at 621, 288 P.3d at 838.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in ordering execution of Rhodes' original sentence without modification, or by imposing and executing the concurrent sentence for malicious injury to property. Therefore, the order directing execution of Rhodes' previously suspended sentence in Docket No. 40815 and the judgment of conviction and sentence in Docket No. 40816 are affirmed.